UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CENNTRO ELECTRIC GROUP,
LIMITED,

           Plaintiff,

       v.

MHP AMERICAS, INC.,

           Defendant.

Civ. No. 24-5747 (GC)(JBD)

**MEMORANDUM ORDER**

Before the Court is defendant MHP Americas, Inc.'s ("MHP") letter motion seeking sanctions against plaintiff Cenntro Electric Group ("Cenntro") for its failure to comply with a Court Order in respect of a settlement conference in this case. [Dkt. 45.] Cenntro opposes the motion. For the reasons set forth below, MHP's motion is granted in part and denied in part. The Court will impose sanctions in the amount of $8,976.36 and direct Cenntro's counsel to pay that sum to MHP.

\*

The Court writes for the parties and accordingly assumes familiarity with the case. In April 2024, Cenntro filed this breach of contract action against MHP in New Jersey state court, and MHP removed it to this Court shortly thereafter. [Dkt. 1.] The Court referred the parties to mediation, but that did not resolve the case. [Dkts. 13, 17.] Fact discovery followed pursuant to a pretrial scheduling order entered on September 11, 2024. [Dkt. 20.] The scheduling order warned the parties and counsel "that failure to appear at subsequent conferences, or to comply with

this Order or any subsequent order of the Court, may result in the imposition of sanctions." *Id.*

Discovery progressed, and the Court scheduled an in-person settlement conference for November 3, 2025. [Dkt. 38.][1] The Court's text order scheduling the conference expressly directed that "[c]lients with full settlement authority shall attend," and directed the parties to refer to paragraphs 9 and 11 of the Court's case management order for further guidance. *Id.* Relevant here, paragraph 11 of that order directs that "trial counsel as well as individuals with full settlement authority must appear at settlement conferences unless the Court has granted prior permission to participate by telephone." Paragraph 11 also directs each party to submit, no later than five days before the conference, a confidential, *ex parte* settlement submission via email to chambers outlining the parties' respective settlement positions. MHP adhered to that directive and submitted a fulsome settlement statement in advance of the conference. Cenntro did not. Nor did Cenntro's counsel request permission for its client representative to appear remotely for the settlement conference, or indicate in any way that a client representative would not appear. Cenntro's counsel also did not indicate that he would be unprepared to represent his client at the settlement conference, or that Cenntro did not intend meaningfully to engage in settlement discussions.

---

[1]    At MHP's request, the Court rescheduled the settlement conference to November 19, 2025. [Dkt. 40.]

On the day of the settlement conference, MHP's counsel arrived on time with a client representative with settlement authority, who had flown into New Jersey from Seattle. Cenntro's counsel arrived more than thirty minutes late, without his client, without notifying the Court that he would be late, and without settlement authority. Upon his arrival, the Court spoke *ex parte* with Cenntro's counsel regarding Cenntro's intentions and admonished him for his unpreparedness. Following the discussion, Cenntro's counsel called his client from the courtroom, and counsel then conveyed the company's no-pay position. Determining that further efforts to settle the matter would not be productive, the Court terminated the settlement conference. At the conclusion of the proceedings, MHP's counsel requested to move for sanctions, and the Court granted the request.

The present motion followed. MHP seeks a total of $28,059.90, reflecting "an award of attorney's fees and costs for [Cenntro's] failure to comply with the Court's September 3, 2025 Order." [Dkt. 45-1] ¶ 2. The claimed expenses include: (i) legal fees for counsel's attendance at the conference; (ii) the cost of sending MHP's representative from Seattle to Trenton for the conference; (iii) legal fees for the preparation of the present motion; (iv) legal fees for preparing for the settlement conference; and (v) market-value compensation for the lost time of MHP's representative. *id.*; [Dkt. 45-2]. Cenntro opposes the motion, largely on the ground that MHP seeks reimbursement for expenses that would have been incurred irrespective of Cenntro's non-appearance at the settlement conference. Cenntro also argues that should the Court impose sanctions, the only fees and expenses

3

recoverable are those caused by counsel's noncompliance, *i.e.*, the services that MHP's counsel provided on the day of the settlement conference and in filing this motion for sanctions.

\*

To aid in efficient case management and to facilitate trial preparation and settlement, Federal Rule of Civil Procedure 16 gives the Court broad discretion to hold pretrial conferences for numerous purposes. Fed. R. Civ. P. 16. To give the rule force, Rule 16(f) authorizes the Court to issue "any just orders" imposing appropriate sanctions when a party or its attorney "fails to appear at a scheduling or other pretrial conference"; "is substantially unprepared to participate—or does not participate in good faith—in the conference"; or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1); *see also Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240-41 (3d Cir. 2007) (recognizing a district court's discretion to impose Rule 16(f) sanctions for failures to obey scheduling or pretrial orders). If the Court determines that Rule 16 sanctions are warranted in any given case, "[i]nstead of or in addition to any other sanction, the [C]ourt must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). In other words, once the Court determines that Rule 16 sanctions are in order, "monetary sanctions for noncompliance with Rule 16 pretrial orders are required and appropriate absent a

4

showing that the violation was 'substantially justified' or the award of expenses is 'unjust' under the circumstances of the case." *Tracinda Corp.*, 502 F.3d at 241 (quoting 3 Moore's Federal Practice & Procedure § 16.91 (3d ed. 1997 & Supp. 2006)). In this context, "'substantial justification' occurs when there is a 'genuine dispute concerning compliance.'" *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). And in determining whether an award of expenses is "unjust," the Court considers "the degree of the sanction in light of the severity of the transgression which brought about" counsel's failure to prepare for the settlement conference. *Tracinda Corp.*, 502 F.3d at 241.

Rule 16 sanctions must be compensatory, not punitive. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826-830 (1994)). The sanction "may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* (quoting *United States v. Mine Workers*, 330 U.S. 258, 304 (1947)). The movant, therefore, must "establish a causal link—between the litigant's misbehavior and legal fees paid by the opposing party." *Id.*

In short: The Court exercises broad discretion whether to impose Rule 16 sanctions. If it determines to do so, the Court must impose a compensatory measure of relief to the moving party, but that relief must be just under the circumstances.

\*

Sanctions pursuant to Rule 16(f) are warranted here. This case implicates some of the "fundamental expectations of the attorneys that appear before [the Court]—show up and be prepared." *In re Philbert*, 340 B.R. 886, 888 (Bankr. N.D. Ind. 2006). Cenntro's counsel failed significantly in the latter respect: Although he appeared—tardy and without a client representative—counsel was substantially unprepared to participate meaningfully in the scheduled conference. The unpreparedness followed counsel's violation of the Court's September 3, 2025 text order and its general case management order, which directed the submission of a settlement statement on Cenntro's behalf. In violation of the same orders, Cenntro also did not have a client representative with settlement authority present for the conference. Cenntro's counsel appeared more than thirty minutes late, without his client, and lacked settlement authority. Counsel's lack of preparation caused the settlement conference to end before it began, resulting in a significant waste of time, energy, and expense for MHP, its counsel, and the Court. In sum and in short, counsel for Cenntro both was "substantially unprepared to participate" in the settlement conference, and "fail[ed] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(B)-(C).

Counsel's noncompliance with the Court's order and his lack of preparation for the conference were not substantially justified. Indeed, Cenntro's counsel offers no justification for his noncompliance in his opposition brief. Instead, he suggests that this instance of noncompliance is his only misstep in this case and he and his

6

client have been professional and complied with their obligations in this case. For the most part, the Court does not disagree.[2] Regardless, compliance with Court orders and general professionalism and preparation is mandatory and expected, and counsel's previous compliance does not equate to substantial justification for the significant violation here. *See MHD-Rockland Inc. v. Aerospace Distribs. Inc.*, 102 F. Supp. 3d 734, 738-40 (D. Md. 2015) (awarding Rule 16(f) sanctions for fees and costs incurred in preparing for a settlement conference and caused by opposing counsel's noncompliance, even though counsel "ha[d] not engaged in a pattern of similarly unacceptable behavior").

To be clear, even if permissible, the Court does not view Rule 16 sanctions as appropriate for every scheduling snafu or technical violation of an order. But this case is far more than that. Counsel's violation of the Court's orders, combined with his failure to communicate, combined with his total lack of preparation for the conference, left both the Court and MHP in the dark on Cenntro's settlement position, or whether a settlement conference could even potentially be productive. Had counsel indicated in any way that the settlement conference likely would not be productive, significant expense and inconvenience to MHP could have been avoided. Counsel did not communicate, did not prepare, and violated the Court's orders in multiple respects, wasting MHP's time and resources. For that, MHP is entitled to be compensated.

---

[2]    The Court observes, however, that it also had to reschedule an earlier telephone status conference because Cenntro's counsel failed to appear for it without explanation. [Dkt. 27.]

For these reasons, the Court concludes that sanctions pursuant to Rule 16(f) are warranted.

*

The Court next addresses the appropriate compensatory sanction. For the following reasons, the Court will award MHP fees and costs in the amount of $8,976.36.

MHP requests $28,059.59 in sanctions, which represents far more than simply the losses MHP sustained as a direct result of the noncompliance; under the circumstances, the requested amount is excessive and unjust. As noted above, Cenntro's counsel argues that the only fees and costs recoverable should be for the services MHP performed on the day of the settlement conference and in filing this motion for sanctions. The Court agrees and concludes that only the legal fees and costs incurred from attending the conference and preparing this motion are directly attributable to counsel's noncompliance. Those expenses would not have been wasted but for counsel's unpreparedness and his client's failure to appear at the settlement conference. MHP is therefore entitled to reimbursement only for those fees and costs.

The Court therefore concludes that MHP is not entitled to fees incurred in preparation for the settlement conference or for the value of MHP's representative's time during the conference. As to the former, the Court does not find a causal link between Cenntro's counsel's unpreparedness and his client's failure to appear at the settlement conference and the fees that MHP incurred in preparing for it. Such

8

preparation likely would have been borne in the absence of counsel's conduct and will remain relevant at any future settlement conference, and potentially at trial. As to the latter, the Court recognizes the inconvenience that the unnecessary travel posed to MHP's representative, and awards to MHP the cost of that travel. But the Court does not agree that MHP should be compensated for the market value of the services that its representative might otherwise have performed for MHP on other things. A sizeable amount of that time included the representative's travel on a red-eye flight from Seattle to the east coast and, more generally, MHP does not establish that the representative was unable to perform other functions while traveling. Under the circumstances, the Court does not find that the ostensible lost time was attributable to counsel's noncompliance, and in any event concludes that imposing those costs would be unreasonable and unjust. MHP's requests for reimbursement for those particular expenses are, accordingly, denied.

With these limitations in mind, the Court has reviewed MHP's certifications and attorney billing statements for services provided on the day of the settlement conference and in preparing the present motion for sanctions. The Court generally finds the fees billed for those services to be reasonable and compensable. According to its billing statements, MHP incurred legal fees of $4,426.00 for its counsel's attendance at the settlement conference; $5,030.00 for the preparation of this motion; and paid $883.36 in travel costs for its client representative to attend the settlement conference. [Dkts. 45-1, 45-2.] MHP's counsel billed for travel time at its standard hourly rate, but "the predominant trend in New Jersey is to reimburse

9

travel time at 50% of an attorney's reasonable hourly rate." *Warner v. Twp. of S. Harrison*, Civ. No. 09-6095 (JBS), 2013 WL 3283945, at *14 (D.N.J. June 27, 2013) (collecting cases). The Court will follow that trend and apply a 50% reduction to the billed rates for counsel's travel time. That adjustment brings the legal fees incurred through MHP's counsel's attendance at the conference from $4,426.00 to $3,063.00. With that adjustment, the legal fees and costs that MHP incurred by Cenntro's counsel's noncompliance total $8,976.36. The Court will grant MHP's motion for sanctions in part and direct the payment of that amount.

\*

Finally, Rule 16(f) authorizes the Court to require payment from "the party, its attorney, or both." Fed. R. Civ. P. 16(f)(2). But the sanction should ordinarily fall on the person or party at fault, whether attorney, client, or both. *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994) (citations omitted). In this case, the Court will sanction and require payment only from Cenntro's counsel. Counsel has been admitted to the bar of this Court for more than 50 years, and so the Court "[is] not addressing inexperienced counsel." *Eldreth v. Robinson,* Civ. No. 21-867 (MAK), 2022 WL 4245530 (D. Del. Sept. 15, 2022). On a full review of the record, the noncompliance here stemmed entirely from counsel's failure to prepare for the conference, to follow this Court's orders, and to communicate with his client, his adversary, and the Court. Moreover, the Court has no basis here to find that the failure of a Cenntro representative to attend the settlement conference was anything other than counsel's failure to communicate the

10

requirement to his client. The Court therefore concludes that it is appropriate to direct counsel only to compensate MHP for the noncompliance here.

\*

For the reasons set forth above, the Court sanctions Cenntro's counsel pursuant to Rule 16(f) and directs him to pay to MHP $8,976.36, which will reasonably compensate MHP for the fees and costs unnecessarily incurred as a result of counsel's noncompliance with the Court's orders and his unpreparedness for the settlement conference. Under the circumstances and under Rule 16(f)(2), imposition of that monetary sanction is appropriate and not unjust.

Accordingly, and for good cause shown,

IT IS on this **17th** day of **April**, **2026**,

**ORDERED** that MHP's motion for sanctions [Dkt. 45] is GRANTED in part and DENIED in part; and it is further

**ORDERED** that pursuant to Rule 16(f), the Court will award MHP fees and costs totaling $8,976.36; and it is further

**ORDERED** that Cenntro's counsel of record, Henry F. Wolff, III, Esq., shall make the payment within 45 days of the date of this Order.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

11